Rachel Blyumkin (SBN: 326718)
Email: rachel@thedebtdefense.com
1001 Wilshire Boulevard, Suite 2236
Los Angeles California 90017
Tel: 833-952-9669

Attorneys for Plaintiff,
Richard Kontas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KONTAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VERCY L.L.C.; AMITY ONE TAX; NADER SEPEHR, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No.:   8:23-cv-895<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

RICHARD KONTAS ("Plaintiff"), an individual, alleges the following upon information and belief based upon personal knowledge.

## NATURE OF THE CASE

1. Plaintiff is an individual and brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of VERCY L.L.C. ("Vercy"), AMITY ONE TAX ("Amity"), and NADER SEPEHR ("Sepehr") (collectively referred to as "Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, thereby invading Plaintiff's privacy.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. 1391(b) and 18 U.S.C. § 1441(a) because Defendant does business within the State of California.

## PARTIES

4. Plaintiff is a natural person residing in California and is a "person" as defined by 47 U.S.C. § 153 (39).

5. Vercy is a tax relief agency selling and soliciting tax relief services aimed at consumers and is a "person" as defined by 47 U.S.C. § 153 (39).

6. Amity is a tax relief agency selling and soliciting tax relief services aimed at consumers and is a "person" as defined by 47 U.S.C. § 153 (39).

7. Sepehr is a natural person, resident of California, Manager and owner of Vercy LLC.

8. The named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to

Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## **FACTUAL ALLEGATIONS**

10. Beginning in or around August 2022, Defendants contacted Plaintiff on Plaintiff's cellular telephone number ending in 2182, in an attempt to solicit Plaintiff to purchase or utilize Defendants' service.

11. To ensure Plaintiff did not receive unwanted telemarketing phone calls, Plaintiff registered his phone number on the National Do Not Call Registry on or about February 10, 2008.

12. Defendants utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A) during its solicitation calls to Plaintiff.

13. Plaintiff received pre-recorded voicemail messages on his cellular telephone number from Defendants soliciting tax relief services, and Defendants had the same exact female voice, "Michelle", say the same exact same sales script verbatim, and these same phone calls continued through September of 2022.

14. Defendants contacted or attempted to contact Plaintiff from telephone number (949) 359-2305, and others.

15. Defendants' calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

16. Defendants' calls were placed to telephone number assigned to a cellular telephone service which Plaintiff uses as his personal phone.

17. During all relevant times, Defendants did not possess Plaintiff's "prior express consent" nor had a prior established business relationship with Plaintiff to receive calls using an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

18. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendants' services.

19. Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

20. During the calls Defendants placed to Plaintiff's cellular phone, Defendants' agents identified themselves as calling from Defendants' business.

21. Plaintiff alleges on information and belief that Defendants employ scraping technology to collect phone numbers off of publicly listed websites, in an effort to generate sales leads. However, Defendants use automated prerecorded voice technology to place these calls, without obtaining the prior express consent of the recipient of the call.

22. Defendants' automated calls are a widespread public nuisance, and have been the subject of various complaints on online forums and in legal courts throughout the country.

23. Plaintiff has no prior established business relationship with Defendants, and has never provided Defendants with his phone number.

24. Defendants' calls violated the Plaintiff's statutory rights and caused actual and statutory damages. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and intrusion on privacy and seclusion, and wasted time away from his friends and family.

///

///

# FIRST CAUSE OF ACTION

## Negligent Violations of The Telephone Consumer Protection Act

## 47 U.S.C. §227(b).

## By Plaintiff Against All Defendants

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

26. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

27. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of The Telephone Consumer Protection Act

## 47 U.S.C. §227(b).

## By Plaintiff Against All Defendants

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

31. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

**Negligent Violations of The Telephone Consumer Protection Act**

**47 U.S.C. §227(c).**

**By Plaintiff Against All Defendants**

33. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-32.

34. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

35. As a result of Defendants' negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

36. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

### FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of The Telephone Consumer Protection Act**

**47 U.S.C. §227(c).**

**By Plaintiff Against All Defendants**

37. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-36.

38. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

39. As a result of Defendants' knowing and/or willful violations of 47 U.S.C.

§ 227(c), Plaintiff is entitled to an award of $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

40. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants for:

### FIRST CAUSE OF ACTION

1. As a result of Defendants' negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

2. Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

3. As a result of Defendants' willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

4. Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

5. As a result of Defendants' negligent violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5).

6. Any and all other relief that the Court deems just and proper.

### FOURTH CAUSE OF ACTION

7. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5)(A).

8. Any other relief the Court may deem just and proper.

///

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues triable by a jury.

DATED: May 20, 2023

                                             By:   /s/ Rachel Blyumkin
                                                                  Rachel Blyumkin
                                                                  Attorney for Plaintiff
                                                                  Richard Kontas